**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**

Civil Case No.:

| | |
|---|---|
| ELIZABETH BOHLKE, as an individual and on behalf of all others similarly situated, | : |
| | : |
| | : |
| *Plaintiff,* | : |
| | : |
| *vs.* | : |
| | : |
| SHEARER'S FOODS, LLC, formerly known as SHEARER'S FOODS, INC., an Ohio limited liability company, | : |
| | : |
| | : |
| | : |
| *Defendant.* | : |

## CLASS ACTION COMPLAINT

Plaintiff, Elizabeth Bohlke, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, and pursuant to all applicable *Federal Rules of Civil Procedure*, hereby files this Class Action Complaint, and alleges against Defendant, Shearer's Foods, LLC, also formerly known as Shearer's Foods, Inc. (collectively "Shearer's Foods" or "Defendant"), as follows:

## I. INTRODUCTION

1.      At all material times hereto, Defendant has unlawfully, fraudulently, negligently, unfairly, misleadingly, and deceptively represented that its Riceworks Gourmet Brown Rice Crisps, which are available in several different flavor varieties (collectively referred to herein as the "Products"), contain "No Artificial Ingredients" and that they are "All Natural,"  because, in fact, the Products contain unnatural, synthetic, and/or artificial ingredients, including, but not limited to, Masa Corn Flour, Canola Oil, and Maltodextrin (From Corn).

2.      Despite the presence of these unnatural, synthetic, and/or artificial ingredients, Defendant knowingly, recklessly, or negligently markets and sells the Products as containing "No Artificial Ingredients" and as being "All Natural."

3.      At all material times hereto, Defendant sells its Riceworks Gourmet Brown Rice Crisps at a premium price above other similar products in the marketplace that do not claim to be "All Natural."   For example, on its website, Defendant states:   "Why are riceworks® more expensive than potato chips?  **A.** riceworks® are made with care using high quality, natural ingredients to ensure you are eating an altogether healthier snack than potato chips." RICEWORKS.COM, Our Crisps: FAQs, *available at* http://www.riceworks.com/faq_USA.html (last visited Jan. 3, 2014).

4.      At all material times hereto, Defendant manufactures, markets, advertises, and sells the Products as containing "No Artificial Ingredients" and that the Products are "All Natural" on the front packaging of the Products.

5.      At all material times hereto, all of the Products are substantially similar and uniformly make the same "No Artificial Ingredients" and "All Natural" claims in the same prominently displayed location on the front packaging of the Products.  The representations that the Products contain "No Artificial Ingredients" and are "All Natural," communicated to Plaintiff and other members of the Class, are central to the marketing and sale of the Products.

6.      Defendant's claims that the Products contain "No Artificial Ingredients" and are "All Natural" are false, misleading, and likely to deceive reasonable consumers because the Products contain unnatural, synthetic, and/or artificial ingredients.

7.      As a result, Plaintiff brings this class action to secure, among other things, damages and equitable relief, declaratory relief, restitution, and in the alternative to damages, relief for

unjust enrichment, for a Class of similarly situated Florida purchasers, against Shearer's Foods, for: (1) false, deceptive, unfair, and unlawful business practices in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. §§ 501.201, *et seq.*; (2) Negligent Misrepresentation; (3) Breach of Express Warranty; (4) Violation of Magnusson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*; and (5) Unjust Enrichment (alleged in the alternative to Plaintiff's other causes of action).

8.      Plaintiff is seeking damages individually and on behalf of the Class.  In addition, Plaintiff is seeking an Order requiring Defendant to cease from representing the Products contain "No Artificial Ingredients," and that the Products are not "All Natural," on the packaging for the Products that contain unnatural, synthetic, and/or artificial ingredients.

9.      Plaintiff expressly does not seek to contest or enforce any state law that has requirements beyond those required by Federal laws or regulations.

10.     All allegations herein are based on information and belief and are likely to have evidentiary support after a reasonable opportunity for discovery.

## II. <u>JURISDICTION AND VENUE</u>

11.     This Court has jurisdiction over the subject matter presented by this Class Action Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

12.     Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff alleges that based on the sales of the Product the total claims of the individual members of the Plaintiff Class in this action are in

excess of $5,000,000.00, in the aggregate, exclusive of interest and costs, and as set forth below, diversity of citizenship exists under CAFA because, as more fully set forth below, Plaintiff is a citizen of Florida, and Shearer's Foods can be considered a citizen of Ohio for diversity purposes.

13.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff purchased one of the subject Products of this action in this judicial district.

### III. <u>PARTIES</u>

14.     Plaintiff, ELIZABETH BOHLKE, is an individual more than 18 years old, and is a citizen of Florida, who resides in the city of Jupiter, Palm Beach County. Plaintiff respectfully requests a jury trial on all damage claims.

15.     Defendant, Shearer's Foods, LLC, promoted and marketed the Products at issue in this jurisdiction and in this judicial district.  Shearer's Foods, LLC is an Ohio Limited Liability Company with its principal place of business located in Massillon, Ohio 44646.  Shearer's Foods, LLC, lists a Registered Agent with the Ohio Secretary of State as National Registered Agents, Inc., located at 1300 East Ninth Street, Cleveland, Ohio 44114.  Shearer's Foods, LLC, has also done business during the Class Period as Shearer's Foods, Inc. Shearer's Foods can be considered a citizen of Ohio for diversity purposes. Based upon information and belief, all individual members of Shearer's Foods, LLC are citizens of States other than Florida. Based on publicly available information, the citizenship of each individual member of Shearer's Foods, LLC cannot be confirmed at this time. The citizenship of each individual member of Shearer's Foods, LLC will be determined throughout the course of discovery.

16.     The Products' advertising relied upon by Plaintiff was prepared and/or approved by Shearer's Foods and its agents, and was disseminated by Shearer's Foods and its agents through advertising containing the misrepresentations alleged herein.

17.     The advertising for the Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, i.e. Plaintiff and the Class into purchasing the Products.

18.     Shearer's Foods is the owner, manufacturer and distributor of the Products, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and statements for the Products.

19.     Plaintiff alleges that, at all times relevant herein, Shearer's Foods and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Shearer's Foods, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

20.     Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Products, as well as their respective employees, also were Shearer's Foods' agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

21.     In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Shearer's Foods, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Shearer's Foods participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

22.     Whenever reference in this Complaint is made to any act by Shearer's Foods or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Shearer's Foods committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Shearer's Foods while actively engaged in the scope of their duties.

### IV. FACTUAL ALLEGATIONS

23.     Shearer's Foods manufactures, distributes, markets, advertises, and sells the Products that claim that the Product are "All Natural" and contain "No Artificial Ingredients," when in fact, those claims are false, because the Products contain unnatural, synthetic, and/or artificial ingredients, including, but not limited to, Masa Corn Flour, Canola Oil, and/or Maltodextrin (From Corn).

24.     As a result, Defendant's "No Artificial Ingredients" claim and "All Natural" claim, which are uniformly, consistently and prominently displayed on the front of each individual packaging of the Products, are untrue, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

25.     Defendant unlawfully markets, advertises, sells and distributes the Products to Florida purchasers in grocery stores, food chains, mass discounters, mass merchandisers, club stores, convenience stores, drug stores and/or dollar stores as being "All Natural." and containing "No Artificial Ingredients."

26.     Unfortunately for Plaintiff and members of the Class, they were charged a price premium for the Products over and above other products that do not claim to be "All Natural" or containing "No Artificial Ingredients."

## A.  Defendant's False and Misleading Advertising is Likely to Deceive Reasonable Consumers

27.     Defendant's false and misleading representations and omissions are likely to deceive Plaintiff and other reasonable consumers.

28.     Reasonable consumers rely on food label representations and information in making purchase decisions.

29.     Defendant's statements that the Products contain "No Artificial Ingredients," and that the Products are "All Natural," are material to a reasonable consumer's purchase decision because reasonable consumers, such as Plaintiff and members of the Class, care whether products contain unnatural, synthetic, or artificial ingredients, especially when a product claims to be "All Natural" and contain "No Artificial Ingredients."  Reasonable consumers attach importance to a "No Artificial Ingredients" claim, or "All Natural" claim, when making a purchasing decision.

30.     A representation that a product contains "No Artificial Ingredients," or that a product is "All Natural," is material to a reasonable consumer.

31.     According to Consumers Union, "Eighty-six percent of consumers expect a 'natural' label to mean processed foods do not contain any artificial ingredients."  *See* Notice of the Federal Trade Commission, Comments of Consumers Union on Proposed Guides for Use of Environmental Marketing Claims, 16 CFR § 260, Dec. 10, 2010, http://www.ftc.gov/os/comments/greenguiderevisions/00289-57072.pdf (last visited Jan. 3, 2014).

32.     Defendant markets and advertises the Products as "All Natural," and containing "No Artificial Ingredients," to increase sales derived from the Products.  Defendant is well-aware that claims of food being natural or being free of artificial ingredients are material to reasonable consumers.

33.     Plaintiff and the other Class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

34.     Plaintiff and the other Class members were among the intended recipients of Defendant's deceptive representations and omissions.

35.     Upon information and belief, Defendant made the deceptive representations and omissions regarding the Products with the intent to induce Plaintiff's and the other Class members' purchase of the Products.

36.     Defendant's representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

37.     Thus, Plaintiff and the other Class members' reliance upon Defendant's misleading and deceptive representations and omissions may be presumed.   The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by Plaintiff and the Class.

38.     Upon information and belief, in making the false, misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a price premium for the Products over comparable products that are not labeled "No Artificial Ingredients" or "All Natural," furthering Defendant's private interest of increasing sales for the Products, and decreasing the sales of products by Defendant's competitors that do not claim to be "All Natural" or to contain "No Artificial Ingredients."

39.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the other Class members in that Plaintiff and other Class members:

1) paid a sum of money for Products that were not as represented;

2) paid a premium price for Products that were not as represented;

3) were deprived the benefit of the bargain because the Products they purchased were different than what Defendant warranted;

4) were deprived the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant;

5) did not receive Products that measured up to their expectations as created by Defendant;

6) ingested a substance that was other than what was represented by Defendant;

7) ingested a substance that Plaintiff and the other members of the Class did not expect or consent to;

8) ingested a product that was artificial, synthetic, or otherwise unnatural;

9) ingested a substance that was of a lower quality than what Defendant promised;

10) were denied the benefit of knowing what they ingested;

11) were denied the benefit of truthful food labels;

12) were denied the benefit of supporting an industry that sells natural foods and contributes to environmental sustainability; and

13) were denied the benefit of the beneficial properties of the natural foods promised.

40.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the other Class members would not have been economically injured because Plaintiff and the other Class members would not have purchased the Products.

41.     Accordingly, Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

42.     Plaintiff and the other Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions.

43.     Plaintiff and the other Class members purchased, purchased more of, or paid more for the Products than they would have done had they known the truth about the Products.

**B.  Plaintiff's Purchase and Reliance**

44.     Plaintiff, Elizabeth Bohlke, has purchased the Products during the Class Period— including a purchase of Riceworks Sweet Chili Gourmet Brown Rice Crisps, from a Publix Supermarket located in Palm Beach County, Florida.

45.     The Sweet Chili Riceworks Gourmet Brown Rice Crisps purchased by Plaintiff claimed to contain "No Artificial Ingredients," and be "All Natural," on the front packaging, which Plaintiff perceived, read and relied on in making Plaintiff's purchase.  However, the Sweet Chili Riceworks Gourmet Brown Rice contain unnatural, synthetic, and/or artificial ingredients, including, but not limited to, Masa Corn Flour, Canola Oil, and Maltodextrin (From Corn).

46.      Plaintiff interpreted the "No Artificial Ingredients" and "All Natural" claims to mean that the Riceworks Sweet Chili Gourmet Brown Rice Crisps did not contain unnatural, synthetic, or artificial ingredients.

47.     Subsequent to purchasing the Riceworks Sweet Chili Gourmet Brown Rice Crisps, Plaintiff discovered that it contains unnatural, synthetic, and artificial ingredients, and thus, contains artificial ingredients and are not "All Natural."

48.     Plaintiff and members of the Class paid a price premium for the Products because the Products claimed to contain "No Artificial Ingredients" and be "All Natural."

49.     Plaintiff and members of the Class would not have purchased the Products had they known that they contained artificial ingredients and ingredients that are not "All Natural."

50.     Likewise, if Plaintiff and members of the Class had known the Products contained unnatural, synthetic, or artificial ingredients, they would not have purchased them.

51.     As a result, Plaintiff and members of the Class have suffered economic damages as a result of purchasing the Products that claim to be "All Natural" and contain "No Artificial Ingredients" because the Products contain unnatural, synthetic, and/or artificial ingredients.

52.     The Products are valueless worth less than what Plaintiff and members of the Class paid for them, and/or are not what Plaintiff and members of the Class reasonably intended to receive.

53.     Because the Products are unlawfully misbranded and sold pursuant to an unfair business practice, Plaintiff and the Class seek damages equal to the aggregate purchase price paid for the Products during the Class Period and injunctive relief described below.

## V. CLASS ACTION ALLEGATIONS

54.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

55.     Pursuant to *Federal Rule of Civil Procedure* 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **All Florida residents who have purchased for personal use one or more of the Products, from May 2010 through and to the date Notice is provided to the Class.**

56.     Plaintiff respectfully reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.  Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded

from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

57.     Defendant's practices and omissions were applied uniformly to all members of the Class, including any subclass, so that the questions of law and fact are common to all members of the Class and any subclass. All members of the Class and any subclass were and are similarly affected by the deceptive advertising for the Products, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

58.     Based on the annual sales of the Products and the popularity of the Products, it is readily apparent that the number of consumers in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

59.     Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, *inter alia*:

a.      Whether Defendant's business practices violated FDUTPA, FLA. STAT. §§ 501.201, *et seq.*;

b.      Whether the Products contain artificial ingredients;

c.      Whether the Products are all natural;

d.      Whether the ingredients contained in the Products are artificial ingredients;

e.      Whether the ingredients contained in the Products are all natural;

f.      Whether the claim "No Artificial Ingredients" on the Products' packaging is material to a reasonable consumer;

g.      Whether the claim "All Natural" on the Products' packaging is material to a reasonable consumer;

h.    Whether the claim "No Artificial Ingredients" on the Products' packaging and advertising is false to a reasonable consumer.

i.    Whether the claim "No Artificial Ingredients" on the Products' packaging and advertising is false to a reasonable consumer.

j.    Whether the claim "No Artificial Ingredients" on the Products' packaging and advertising is likely to deceive a reasonable consumer;

k.    Whether the claim "All Natural" on the Products' packaging and advertising is likely to deceive a reasonable consumer;

l.    Whether the claim "No Artificial Ingredients" on the Products' packaging and advertising is misleading to a reasonable consumer;

m.    Whether the claim "All Natural" on the Products' packaging and advertising is misleading to a reasonable consumer;

n.    Whether a reasonable consumer is likely to be deceived by a claim that a product contains "No Artificial Ingredients" when the product contains unnatural, synthetic, and/or artificial ingredients;

o.    Whether a reasonable consumer is likely to be deceived by a claim that a product is "All Natural" when the product contains unnatural, synthetic, and/or artificial ingredients;

p.    Whether Defendant was unjustly enriched by the sale of the Products; and

q.    Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

60.    The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of

conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each.

61.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

62.     Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

63.     Certification of this class action is appropriate under *Federal Rule of Civil Procedure* 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for a fair and efficient decree of the claims.

64.     Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

65.     Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes.

66.     Further, given the large number of consumers of the Products, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

67.     A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the

prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

68.     The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. FIRST CAUSE OF ACTION:
## FOR VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §§ 501.201, *ET SEQ*.

69.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through sixty-eight (68) of this Complaint as if fully set forth herein verbatim.

70.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201 to 201.213, *Florida Statutes*.

71.     The express purpose of FDUTPA is to "protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202(2).

72.      Section 501.204(1), *Florida Statutes* declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

73.     The sale of the Products at issue in this cause was a "consumer transaction" within the scope of FDUTPA.

74.     Plaintiff is a "consumer" as defined by Section 501.203, *Florida Statutes*.

75.     Defendant's Products are goods within the meaning of FDUTPA and Defendant is engaged in trade or commerce within the meaning of FDUTPA.

76.     Defendant's unfair and deceptive practices are likely to mislead – and have misled – reasonable consumers, such as Plaintiff and members of the Class, and therefore, violate Section 500.04, *Florida Statutes*.

77.     Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

78.     Specifically, Defendant has represented that the Products are "All Natural" and contain "No Artificial Ingredients," when in fact, the Products contain unnatural, synthetic, and/or artificial ingredients, including, but not limited to, Masa Corn Flour, Canola Oil, and Maltodextrin (From Corn).

79.     Plaintiff and Class Members have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased and consumed Defendant's mislabeled Products.

80.     Reasonable consumers must and do rely on Defendant to honestly represent the true nature of its ingredients.

81.     Defendant has deceived reasonable consumers, like Plaintiff and the Class, into believing the Products were something they were not; specifically that they are "All Natural" and contain "No Artificial Ingredients."

82.     The knowledge required to discern the true nature of the Products is beyond that of the reasonable consumer—namely that the Products do or do not contain unnatural, synthetic, and/or artificial ingredients.

83.     Plaintiff and the Class suffered damages and are entitled to injunctive relief.  Thus, pursuant to sections 501.211(2) and 501.2105, *Florida Statutes*, Plaintiff and the Class make claims for damages, attorney's fees and costs.

84.     The damages suffered by the Plaintiff and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Defendant.

85.     Pursuant to Section 501.211(1), *Florida Statutes*, Plaintiff and the Class seek injunctive relief for, *inter alia*, the Court to enjoin Defendant's above-described wrongful acts and practices, and for restitution and disgorgement.

## VII. SECOND CAUSE OF ACTION:
## NEGLIGENT MISREPRESENTATION

86.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through sixty-eight (68) of this Complaint as if fully set forth herein verbatim.

87.     Defendant has negligently represented that the Products contain "No Artificial Ingredients" and are "All Natural."

88.     Defendant has represented that the Products are "All Natural" and contain "No Artificial Ingredients," when in fact, the Products contain unnatural, synthetic, and/or artificial ingredients, including, but not limited to, Masa Corn Flour, Canola Oil, and Maltodextrin (From Corn).

89.     Defendant has misrepresented a material fact to the public, including Plaintiff and Class Members, about the Products.

90.     The Products are marketed directly to consumers by Defendant, come in sealed packages, and do not change from the time they leave Defendant's possession until they arrive in stores to be sold to consumers.

91.     Defendant knows the Products' misstatements are material to the reasonable consumer and Defendant intends for consumers to rely upon the misstatements when choosing to purchase the Products.

92.     Defendant has omitted the fact that the Products contain unnatural, synthetic, and/or artificial ingredients in the Products, despite claiming that the Products contain "No Artificial Ingredients" and that the Products are "All Natural."

93.     Defendant knew or should have known that these misstatements or omissions would materially affect Plaintiff's and Class members' decisions to purchase the Products.

94.     Plaintiff and other reasonable consumers, including the Class members, reasonably relied on Defendant's representations set forth herein, and, in reliance thereon, purchased the Products.

95.     The reliance by Plaintiff and Class members was reasonable and justified in that Defendant appeared to be, and represented itself to be, a reputable business, and it distributed the Products through reputable companies.

96.     Plaintiff and Class members would not have been willing to pay for Defendant's Products if they knew that the Products contained unnatural, synthetic, and/or artificial ingredients.

97.     As a direct and proximate result of Defendant's misrepresentations, Plaintiff and members of the Class were induced to purchase Defendant's Products, and have suffered damages to be determined at trial, in that, among other things, they have been deprived of the benefit of their bargain in that they bought Products that were not what they were represented to be, and they have spent money on Products that had less value than was reflected in the premium purchase price they paid for the Products.

98.     Plaintiff seeks all available remedies, damages, and awards as a result of Defendant's negligent misrepresentations.

## VIII. THIRD CAUSE OF ACTION:
## BREACH OF EXPRESS WARRANTY

99.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through sixty-eight (68) of this Complaint as if fully set forth herein verbatim.

100.     Defendant has expressly represented that the Products are "All Natural" and contain "No Artificial Ingredients," when in fact, the Products contain unnatural, synthetic, and/or artificial ingredients, including, but not limited to, Masa Corn Flour, Canola Oil, and Maltodextrin (From Corn).

101.     The Products are marketed directly to consumers by Defendant, come in sealed packages, and do not change from the time they leave Defendant's possession until they arrive in stores to be sold to consumers.

102.     Plaintiff is informed and believes, and thereon alleges, that Defendant made an express warranty, including, but not limited to, that the Products contain "No Artificial Ingredients" and are "All Natural."

103.     Defendant breached its express warranty by claiming that the Products contain "No Artificial Ingredients" and are "All Natural," because the Products contain unnatural, synthetic, and/or artificial ingredients.

104.     As a proximate result of the failure of the Products to perform as expressly warranted by Defendant, Plaintiff and members of the Class have suffered actual damages in an amount to be determined at trial, in that they were induced to purchase products they would not have purchased had they known the true facts about, and have spent money on Products that were

not what they were represented to be and that lack the value Defendant represented the Products to have.

105.    Plaintiff gave timely notice to Defendant of its breach of express warranty on behalf of herself and all members of the Plaintiff Class, directly through a Notice letter sent to Defendant on January 3, 2014.

106.    Plaintiff seeks all available remedies, damages, and awards as a result of Defendant's breach of express warranty.

### IX. FOURTH CAUSE OF ACTION:
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. §§ 2301 *et seq.*)

107.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through sixty-eight (68) of this Complaint as if fully set forth herein verbatim.

108.    Defendant has breached express warranties regarding the Products, as described in the third cause of action above.

109.    Defendant has expressly represented that the Products are "All Natural" and contain "No Artificial Ingredients," when in fact, the Products contain unnatural, synthetic, and/or artificial ingredients, including, but not limited to, Masa Corn Flour, Canola Oil, and Maltodextrin (From Corn).

110.    Plaintiff and the Class are consumers as defined in 15 U.S.C. § 2301(3).

111.    Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4)(5).

112.    The Products are consumer products as defined in 15 U.S.C. § 2301(6).

113.    By reason of Defendant's breach of express warranty, Defendant has violated the statutory rights due to Plaintiff and members of the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C.§§ 2301 *et seq.*, thereby causing damages to Plaintiff and the Class.

114.    Plaintiff gave timely notice to Defendant of its breach of express warranty on behalf of herself and all members of the Plaintiff Class, directly through a Notice letter sent to Defendant on January 3, 2014.

115.    Therefore, Plaintiff and the Class seek all available remedies, damages, and awards under the Magnuson-Moss Warranty Act.

## X. FIFTH CAUSE OF ACTION:
## UNJUST ENRICHMENT

116.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through sixty-eight (68) of this Complaint as if fully set forth herein verbatim.

117.    In its marketing and advertising, Defendant has made false and misleading statements and/or omissions regarding the Products, as described herein.

118.    Defendant has represented that the Products are "All Natural" and contain "No Artificial Ingredients," when in fact, the Products contain unnatural, synthetic, and/or artificial ingredients, including, but not limited to, Masa Corn Flour, Canola Oil, and Maltodextrin (From Corn).

119.    The Products are marketed directly to consumer by Defendant, come in sealed packages, and do not change from the time they leave Defendant's possession until they arrive in stores to be sold to consumers.

120.    Plaintiff and Class Members conferred a benefit on Defendant by purchasing the Products.

121.    Defendant accepted and retained the benefit in the amount of the purchase price and/or profits it earned from sales of the Products to Plaintiff and other Class members.

122.    Defendant profited from its unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Defendant to be permitted to retain said benefit.

123.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions, as set forth herein. Defendant is aware that the claims and/or omissions that it makes about the Products are false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

124.    Plaintiff and Class members do not have an adequate remedy at law against Defendant (in the alternative to the other causes of action alleged herein).

125.    Accordingly, the Products are valueless such that Plaintiff and Class members are entitled to restitution in an amount not less than the purchase price of the Products paid by Plaintiff and Class members during the Class Period.

126.    Plaintiff and Class members are entitled to restitution of the excess amount paid for the Products, over and above what they would have paid if the Products had been adequately advertised, and Plaintiff and Class members are entitled to disgorgement of the profits Defendant derived from the sale of the Products.

## XI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1.      For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

2.      For an award of declaratory and equitable relief as follows:

      (a)      Enjoining Defendant from continuing to engage, use, or employ any unfair and/or deceptive business acts or practices related to the design, testing, manufacture, assembly, development, marketing and advertising of the Products for the purpose of selling the Products in such manner as set forth in detail above or making any claims found to violate FDUTPA or the other causes of action as set forth above;

      (b)      Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

      (c)      Restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive act or practices; and

      (d)      Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described herein.

3.      For actual damages in an amount to be determined at trial for all causes of action;

4.      For an award of attorney's fees and costs;

5.      For an award of any other relief the Court might deem just, appropriate, or proper; and

6.      For pre- and post-judgment interest on any amounts awarded.

## XII. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all issues so triable.

**Respectfully Submitted By,**

Dated: May 30, 2014

*/s/   Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
**THE EGGNATZ LAW FIRM, P.A.**
1920 N. Commerce Parkway, Suite 1
Weston, FL 33326
Telephone: (954) 634-4355
Facsimile: (954) 634-4342
Email:  *JEggnatz@EggnatzLaw.com*

Howard W. Rubinstein, Esq.
Florida Bar No.: 104108
**THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.**
1615 Forum Place, Suite 4C
West Palm Beach, FL 33401
(800) 436-6437
(415) 692-6607 (fax)
Email: *howardr@pdq.net*

*Attorneys for Plaintiff
and the Proposed Class*